FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff - Appellee,<br><br> v.<br><br>ULICES MENDOZA GUIZAR,<br><br>                Defendant - Appellant. | No. 09-10159<br><br>D.C. No. 1:08-CR-00225-LJO<br>Eastern District of California,<br>Fresno<br><br><br>ORDER |

Before:      ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Ulices Mendoza Guizar appeals from his guilty-plea conviction and 46-month sentence for manufacturing marijuana plants, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Mendoza Guizar's counsel has filed a motion to withdraw and a brief stating there are no grounds for relief. We deny without prejudice the motion to withdraw and order additional briefing.

Counsel's brief summarizes the district court proceedings, recites the facts of the case, and requests that this court independently review the record because counsel was unable to identify any nonfrivolous issues for appeal. The brief does not satisfy the requirements set forth in *Anders*.

If appointed counsel concludes, after a conscientious review of the record, that an appeal is frivolous, *Anders* requires counsel to: (1) advise the court that there are no nonfrivolous issues on appeal; (2) file a motion requesting permission to withdraw as counsel of record; and (3) file an opening brief "referring to anything in the record that might arguably support the appeal." *Id*. at 744. The *Anders* brief should present the strongest arguments in favor of the client supported by citations to the record and applicable legal authority. *See Penson v. Ohio*, 488 U.S. 75, 81 (1988); *McCoy v. Court of Appeals*, 486 U.S. 429, 439 (1988); *see also* 9th Cir. R. 4-1(c)(6).

Counsel did not comply with the third requirement. This requirement is important because it affords the indigent defendant "that advocacy which a nonindigent defendant is able to obtain[,]" and it enables "the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel.'" *Anders*, 386 U.S. at 745. This "requirement was designed to provide the appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability." *See McCoy*, 486 U.S. at 439.

09-10159

The brief submitted by Mendoza Guizar's counsel identifies no potentially arguable issues. Accordingly, we deny without prejudice the motion to withdraw and order further briefing. If, after a conscientious review of the record, counsel concludes the appeal is frivolous, he shall so advise the court, file a motion to withdraw, and file an opening brief "referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. If counsel concludes that the appeal is not frivolous, then *Anders* does not apply, and the appeal will proceed on counsel's arguments.

Counsel is directed to serve and file a supplemental brief within 45 days of the date of this order. Mendoza Guizar may file a pro se supplemental brief raising any issues by October 7, 2010. Appellee shall file the answering brief by November 6, 2010, and the optional reply brief is due 14 days after service of the answering brief.